[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#112) DEFENDANTS' MOTION TO OPEN JUDGMENT BY DEFAULT
This is an action wherein the plaintiff, Nicholas Segretario, is seeking monetary damages for breach of contract and negligence against the two named defendants, V.P.F. Construction, LLC and Paul Flotte. CT Page 14865
It has acquired a long and complicated series of pre-trial pleadings and orders which have caused some confusion and delay in the determination of the status of the case as of this date.
A number of defaults have entered and subsequently opened or vacated.
On June 28, 2000, the plaintiff filed (#104) and (#105) motions for default for the defendants' failure to respond to interrogatories. On July 31, 2000, the court (Holzberg, J.)granted both motions and defaulted both defendants.
On August 31, 2000 plaintiff's (#106) Motion for Judgment was granted by Judge Holzberg and the case was ordered assigned to the hearing in damages list.
On December 28, 2000, the defendant then filed a motion to open the judgment entered August 31, 2000. That motion to open was granted by the undersigned on January 16, 2001 without having been made aware of the plaintiff's written objection to that motion. On January 30, 2001, the plaintiff's filed a motion to reargue the reopening. The motion to reargue was granted and the parties were heard.
The immediate issue before the court is the relief sought by the defendants in their (#112) Motion to Open Judgment By Default. As previously noted, that motion was granted by the undersigned without oral argument as a "take papers" short calendar matter on January 16, 2001.
The plaintiff argued that there are no reasonable grounds for opening the judgement including the fact that the defendants had been the subject of other defaults and that each had been vacated or opened; that there were there were false or inaccurate representations made in affidavits filed on behalf of the defendants; that there were unnecessary delays and a lack of professional courtesy on the part of defendants' counsel; and that the case has been unduly delayed as a result of such events.
The salient portions of the plaintiff's objection to the defendants' motion to open of the default are:
(1) that the defendants failed to properly verify the allegations which form the basis for the motion to open;
(2) that the defendants have failed to show any "good excuse, good cause, mistake, acts of inadvertence, misfortune" as the reason for failing to make timely response to the plaintiff's interrogatories; and CT Page 14866
(3) that the defendants have failed to comply with P.B. Sec. 11-1 by having failed to annex to their motion to open a proper order, notice and citation.
The court has reviewed the motion to open and finds that the pleading is signed by each of the two defendants and that their signatures were purportedly subscribed and sworn to and their acknowledgments taken by Attorney Kevin McSherry, their counsel of record at the time.
The court notes that many of the claims raised by plaintiff's counsel regarding the interaction of the parties and the attorneys were not made part of the record. The parts that are in the record, such as affidavits, are not issues which can or should be decided as part of a motion for default. For example, the allegations as to "[what] counsel for the Defendant indicated to counsel for the Plaintiff . . ."
The plaintiff's additional claim that the defendants' motion to open judgment fails to conform to Practice Rule 17-43 and Section 52-212, C.G.S. — the requirement that such a motion be verified by oath — appears to be inaccurate. A review of the pleading shows that the signatures of both defendants appear to have been acknowledged by Attorney McSherry on the "18th day of December". While there is no year recited, the court notes that the motion is dated December 18, 2000.
The failure to annex the requisite process to the motion has not unduly prejudiced the plaintiff who is well noticed of the relief being sought.
The prior delays and late pleadings show poor case management, but the sanctions for such practices remains discretionary with the court and the court has determined that they do not rise to such egregious conduct as to deny the litigants their cause of action.
For the foregoing reasons, the court after hearing and consideration of the arguments of the parties, hereby grants the motion to open the default which had been entered on August 31, 2000 and the case is removed from the hearings in damages list and restored to the trial docket.
By the Court,
Joseph W. Doherty, Judge CT Page 14867